UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

**CIVIL ACTION NO. 10-119-JBC**

**BILLY JOE MOORE,**                                                                                          **PLAINTIFF,**

**V.**                              **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                                    **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on plaintiff Billy Joe Moore's appeal of the Commissioner's denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") (R. 12, 14). The court will grant the Commissioner's motion and deny Moore's motion because substantial evidence supports the administrative decision.

Moore was a thirty-seven-year-old male at the time of the alleged disability onset date. AR 146. He had a high school education with vocational training as a master carpenter, and he had worked in the past as a construction contractor. AR 129, 151, 156. He alleged disability beginning February 9, 2007, due to back and hip injuries. AR 120, 150. Moore applied for DIB and SSI on July 23, 2007. AR 120. His claim was denied initially on October 19, 2007, and upon reconsideration on January 30, 2008. AR 39-60. After hearings on July 6, 2009, and August 28, 2009, Administrative Law Judge Andrew J. Chwalibog determined that Moore was

not under a disability within the meaning of the Social Security Act.  AR 19.  At Step 1, *see Presler v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20  C.F.R. §404.1520, the ALJ found that Moore had not engaged in substantial gainful activity since the alleged disability onset date.  AR 12.  At Step 2, the ALJ found that Moore had severe impairments of bulging discs of the cervical spine with canal stenosis and degenerative disc disease, degenerative changes of the thoracic spine, and chronic back pain.  *Id*.  At step 3, the ALJ determined that Moore did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in the Listing of Impairments.  AR 13.  At step 4, the ALJ found that Moore was unable to perform any past relevant work.  AR 17.  At step 5, the ALJ found based on Moore's age, education, work experience, and residual functional capacity that jobs exist in significant numbers in the national economy that he can perform.  AR 18.  The ALJ therefore found that Moore was not under a disability and denied his claims for DIB and SSI.  AR 19.  On September 17, 2010, the Appeals Council denied Moore's request for a review of the ALJ's decision, and Moore commenced this action.

    Moore challenges the ALJ's determination on the grounds that the ALJ failed to properly consider his pain, the effects of his headaches, and his required use of a cane; and the ALJ's residual functioning capacity ("RFC") determination is therefore not supported by substantial evidence.

    The ALJ properly considered Moore's subjective descriptions of his pain in

2

fashioning the RFC. The ALJ found, based on substantial evidence in the record, *see Cutlip v. Sec'y Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994), that while Moore's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," his statements concerning the "intensity, persistence and limiting effects of these symptoms" were not credible because they were inconsistent with the other evidence in the record. AR 16; 20 C.F.R. § 404.1528(c). The ALJ listed Moore's ailments and noted that there were several inconsistencies between Moore's testimony and the objective medical evidence. AR 14-16. Moore testified that he had severe neck and back pain; however, the ALJ noted that Moore "has only received minimal, conservative treatment for his back impairment." AR 16. Moore substantiated the ALJ's conclusion by testifying that his primary doctor was trying to treat his pain medically before trying injection therapies or surgeries. AR 15, 27. Moore claims his disability began on February 9, 2007, when he injured his hip at work, AR 120, 150; however, on October 10, 2007, Moore told Dr. W.R. Stauffer, the consultative examiner, that the pain was "not constant," but increased when he walked or moved quickly. AR 247. In addition, Dr. Stauffer reported three instances when he doubted Moore gave a full effort during the examination. AR 249-250. As the consultative examiner, Dr. Stauffer was properly given substantial deference in this case where his conclusions were not contradicted by another medical source. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Although Moore

3

complains of hip pains, the ALJ observed the record's lack of any "radiological studies or tests of the hips" or "specific treatment for the hips." AR 16. Moore's claim of numbness in the arms and tingling of the hands is contradicted by his testimony that he plays video games with his son. AR 29. Based on the inconsistencies and contradictions in Moore's testimony, the ALJ properly deemed Moore's allegations of disabling pain as "excessive, not fully credible, and treated accordingly." AR 16.

Moore notes that the Sixth Circuit has previously held "subjective complaints of pain or other disabling symptoms are sufficient to support a claim for disability." *Glass v. Sec'y of Health, Educ. & Welfare*, 517 F.2d 224, 225 (6th Cir. 1975); however, while subjective complaints of pain may support a claim for disability, they are not dispositive. *See* 20 C.F.R. §§ 404.1529, 416.929; *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 527 (6th Cir. 1997). Here, the ALJ reasonably concluded that the evidence in the record undermined Moore's credibility when assessing his subjective complaints. AR 16-17.

The ALJ also reasonably considered the reports of Dr. Loren Nebben, Dr. Stauffer, and the state agency physician when evaluating Moore's pain. In September 2007, Dr. Nebben, Moore's chiropractor, opined that Moore could not do any lifting, standing for prolonged periods, or walking for extended times due to hip pain affecting his gait. However, Dr. Nebben's report reveals that Moore's responses did not suggest such physical limitations. AR 238. In July 2007, Moore

4

reported his pain "[came] and [went] and [was] moderate." *Id*. Moore even reported that although pain prevented him from lifting heavy weights off the floor, he could manage if "conveniently position[ed]." *Id*. Moore also claimed he could stand for up to an hour without increasing pain and he could sit for up to an hour before pain prevented his sitting. *Id*. In August, Moore reported that he had more severe pain that came and went, that he could sit for only a half hour before pain prevented his sitting, and he could stand for only ten minutes without increasing his pain. *Id*.

Only two months later, Dr. Stauffer made medical findings that disputed Dr. Nebben's conclusions. AR 247. Moore told Dr. Stauffer the pain was not constant. *Id*. Dr. Stauffer doubted Moore's claim of being diagnosed with fibromyalgia because he did not notice the proper pattern of trigger points. AR 250. He also doubted Moore gave a full effort during his tests, and he opined Moore could "occasionally lift 20 pounds, frequently lift 10 pounds, stand or walk six hours in an eight-hour day, sit six hours in an eight-hour day, [and] push or pull unlimited." *Id*. The ALJ properly gave Dr. Stauffer's medical opinion more controlling weight than the opinion of Moore's chiropractor. *See Cohen v. Sec'y of Dept. of Health and Human Serv.*, 964 F.2d 524, 528 (6th Cir. 1992). As late as February 2009, Moore reported that he was satisfied with the current pain management. AR 442. This response contradicts Moore's subjective pain complaints. The state agency physician opined Moore could "lift and/or carry 20

5

pounds occasionally and 10 pounds frequently." AR 307.  This opinion further substantiates Dr. Stauffer's opinion and the ALJ's decision.  The ALJ properly considered Moore's alleged pain, but rejected Moore's testimony as not credible.  His decision to deny Moore's claims is based on substantial medical evidence in the record.

The ALJ also properly considered the effects of Moore's migraine headaches in considering his disability status and his ability to find and perform work.  The ALJ considered Moore's use of the TNS unit to relieve the headache pain but noted the lack of any medication other than Tylenol used specifically for the headaches.  AR 15, 30.  The record is devoid of any information suggesting Moore had exhausted his options to relieve his headache pain.  This void in the record supports the ALJ's reasonable determination that Moore's headache complaints did not establish a disability (with no available medical treatment options) that would keep Moore from finding and performing other work in the national economy.

Finally, the ALJ properly considered Moore's use of a cane in determining his residual functioning capacity and his ultimate ability to find and perform other work.  The ALJ and Dr. Stauffer's RFC findings were consistent with Moore's claims of his need for a cane. In addition, the ALJ considered Moore's use of a cane when considering his capacity to find and perform work in jobs that "exist in the national economy."  AR 18.  The ALJ asked a vocational expert whether "jobs exist[ed] in the national economy for an individual with [Moore's] age, education, work

6

experience, and residual functional capacity." *Id*. The vocational expert testified that Moore could find and perform such work. *Id*. Some examples included an assembler, a night guard, a machine tender, and a surveillance monitor. *Id*. The ALJ reasonably concluded that these occupations were within Moore's reach when considering his use of a cane and his physical limitations.

Applying the appropriate legal standards and basing his decision on sufficient evidence in the record, the ALJ reasonably concluded that Moore was not under a disability as defined by the Social Security Act. Accordingly,

**IT IS ORDERED** that Moore's motion (R. 12) is **DENIED.**

**IT IS FURTHER ORDERED** that the Commissioner's motion (R. 14) is **GRANTED**.

The Court will issue a separate judgment.

7

Signed on December 20, 2011

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

8